IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-40907
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FORREST DAVID HATCHER,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-169-1

---

April 21, 1999

Before JOHNSON, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Forrest David Hatcher pleaded guilty to one count of transportation of an alien within the United States. See 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II). He now appeals the district court's denial of his motion to suppress evidence, which he argues was obtained through an illegal search pursuant to neither a warrant nor his consent.

Voluntariness of consent is "a question of fact to be determined from the totality of all the circumstances." Schneckoth v. Bustamonte, 412 U.S. 218, 227 (1973). This court reviews the district court's findings of voluntariness for clear error. See United States v.

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

<u>Olivier-Becerril</u>, 861 F.2d 424, 425-26 (5th Cir. 1998).  In determining whether consent was given voluntarily, the district court should analyze the following six factors:

> (1) the voluntariness of the defendant's custodial status, (2) the presence of coercive police procedures, (3) the extent and level of the defendant's cooperation with the police, (4) the defendant's awareness of his right to refuse consent, (5) the defendant's education and intelligence, and (6) the defendant's belief that no incriminating evidence will be found.

<u>Id.</u> at 426.  Although all six factors are relevant, none is dispositive.  <u>See</u> <u>id.</u>  After a careful review of the record, we find that in the totality of the circumstances, the factual findings of the district court were not clearly erroneous.

Hatcher also contends that the search was illegal because the police officer searched the truck cab without first obtaining consent.  This issue was not raised in the district court and is reviewed for plain error.  <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc); <u>United States v. Arce</u>, 118 F.3d 335, 344 n.8 (5th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 705 (1998).  Hatcher has not shown that a plain-view search of the truck cab for contraband while questioning a passenger contaminated the entire search under the plain error standard.  <u>See</u> <u>United States v. Vargas</u>, 643 F.2d 296, 297 (5th Cir. 1981) (plain-view search permitted after vehicle is stopped); <u>United States v. Crain</u>, 33 F.3d 480, 485 (5th Cir. 1994) (police may question passenger).

AFFIRMED.